IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Tiz, Inc. d/b/a Provi, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:22-cv-1648 |
| | ) |
| | ) Hon. Nancy Maldonado |
| Southern Glazer's Wine and Spirits, LLC and | ) |
| Republic National Distributing Company, LLC, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' SUPPLEMENTAL FILING IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

**Dismissals for Failure to Plausibly Allege Agreement Under Sherman §1**

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550-551, 567 n.12 (2007) (affirming dismissal where plaintiffs alleged parallel conduct to inhibit competitors' growth, "common motivation," failure to pursue attractive opportunities, opportunities to conspire at trade association meetings, and one defendant's executive publicly stated that competing in others' territories did not seem right).

*Marion Diagnostic Ctr. v. Becton Dickinson & Co.*, 29 F.4th 337, 351 (7th Cir. 2022) (affirming dismissal, noting "courts should dismiss antitrust conspiracy complaints . . . where the allegations, taken as true, could just as easily reflect innocent conduct or rational self-interest").

*Alarm Detection Sys. v. Vill. of Schaumburg*, 930 F.3d 812, 826-29 (7th Cir. 2019) (affirming dismissal where plaintiffs alleged adoption of ordinance reflecting agreement, motive, and one party to alleged agreement belonged to organization promoting adoption of policy reflected in ordinance).

*In re Musical Instruments and Equip. Antitrust Litig.*, 798 F.3d 1186, 1189, 1194-98 (9th Cir. 2015) (affirming dismissal where complaint alleged parallel conduct, motive to conspire, actions against self-interest, and attendance at trade association meetings because "plaintiffs' plus factors are no more consistent with an illegal agreement than with rational and competitive business strategies, independently adopted by firms acting within an interdependent market").

*Reapers Hockey Ass'n, Inc. v. Amateur Hockey Ass'n Illinois, Inc.*, 412 F. Supp. 3d 941, 955 (N.D. Ill. 2019) (dismissing claim for failure to allege agreement because "allegations describe a pattern of conduct that is just as consistent with non-conspiratorial conduct").

*United States Bd. of Oral Implantology v. Am. Bd. of Dental Specialties*, 390 F. Supp. 3d 892, 904 (N.D. Ill. 2019) (dismissing claim where complaint alleged parallel conduct, that defendants publicly criticized plaintiff and shared office space allegedly providing opportunity to collude).

**Motion to Dismiss Cases for Failure to Plead Sherman Act § 2 Refusal to Deal**

*Pacific Bell Tel. Co. v. linkLine Commc'ns*, 555 U.S. 438, 452-53 (2009) (affirming dismissal because "[n]o court should impose a duty to deal that it cannot explain or adequately and reasonably supervise")

*Verizon Commc'ns Inc. v. Law Offs. of Curtis V. Trinko, LLP*, 540 U.S. 398, 408 (2004) (affirming dismissal because "Sherman Act does not restrict the long recognized right of a trader or manufacturer . . . to exercise his own independent discretion as to parties with whom he will deal").

*Viamedia, Inc. v. Comcast Corp.*, 951 F.3d 429, 458 (7th Cir. 2020) (distinguishing refusal to deal cases brought by service supplier replaced by the defendant's taking over that service in-house, recognizing that "a plaintiff would not generally have a right under the antitrust laws to demand that a defendant forego supplying itself from an in-house source").

*Reapers Hockey*, 412 F. Supp. 3d at 956 (defendant "was under no duty to deal with" plaintiff and "decision to not deal with [plaintiff] was not 'irrational but for its anticompetitive effect'").

**Dismissals for Failure to Plead Market Power or Monopoly Power in a Relevant Market**

*Sharif Pharmacy, Inc. v. Prime Therapeutics, LLC*, 950 F.3d 911, 918 (7th Cir. 2020) (affirming dismissal where plaintiff "has not pleaded facts sufficient to support an inference that defendants

1

have the requisite market power within a viable product market" and geographic market allegations were "implausible" and inconsistent).

*Chicago Studio Rental, Inc. v. Ill. Dep't of Comm.*, 940 F.3d 971, 979 (7th Cir. 2019) (affirming dismissal because "[t]he complaint also does not allege any facts regarding [defendants'] market power or anticompetitive use of their power" in the relevant market).

*Agnew v. NCAA*, 683 F.3d 328, 345 (7th Cir. 2012) (on a motion to dismiss, court must "determine[] whether the actual markets allegedly identified in plaintiffs' complaint . . . were actually identified, and if so, whether they adequately describe the relevant market") (affirming dismissal for failure to plead relevant market).

*Sheridan v. Marathon Petroleum Co.*, 530 F.3d 590, 595 (7th Cir. 2008) (affirming dismissal because "[n]o market share statistics for [defendant] either locally or nationally are given, and there is no information in the complaint that would enable local shares to be calculated").

*Midwest Gas Servs., Inc. v. Indiana Gas Co.*, 317 F.3d 703, 713 (7th Cir. 2003) (affirming dismissal because, in addition to failing to establish antitrust standing, plaintiffs failed to establish monopoly power because "a §2 claim can only accuse one firm of being a monopolist").

**Dismissals for Failure to Plead Antitrust Standing**

*Associated Gen. Contractors of Cal. v. Cal. St. Council of Carpenters*, 459 U.S. 519, 534 (1983) (affirming dismissal for lack of antitrust standing because plaintiff was not a proper plaintiff).

*Marion Diagnostic*, 29 F.4th at 347 (affirming dismissal for lack of antitrust standing).

*Chicago Studio Rental*, 940 F.3d at 978 (affirming dismissal where plaintiff's alleged injuries of decrease in share and inability to compete "at best . . . pleaded an injury to [plaintiff], not an anticompetitive injury to the market." To withstand dismissal, "[t]he alleged injury must either reduce output or raise prices to consumers. The antitrust injury doctrine was created to filter out complaints by competitors and others who may be hurt by productive efficiencies").

*Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 123 (2d Cir. 2007) (affirming dismissal because §2 is intended to address "the danger that the monopolist will raise prices and restrict output" but plaintiff "did not suffer an injury from increased prices . . . Instead [plaintiff's] grievance is that [defendant] refused to sell to it at all"); *id.* (no antitrust injury where "the dealer's injury was caused by the manufacturer's decision to terminate their relationship, something the manufacturer could have just as well done without having monopoly power").

*Midwest Gas*, 317 F.3d at 711 (affirming dismissal; "[t]ransfers of a business from one company to another, without alleging an effect on competition" do not allege antitrust standing because defendant "has simply taken on the role that [plaintiff] assumed earlier, though with greater success").

**Dismissals for Failure to Plead a Tying Claim**

*Sheridan*, 530 F.3d at 592–93 (affirming dismissal and rejecting tying theory as implausible).

*Carl Sandburg Vill. Condo. Ass'n No. 1 v. First Condo. Dev. Co.*, 758 F.2d 203, 207–08 (7th Cir. 1985) (affirming dismissal of a tying claim because plaintiff must allege facts that tying company has "economic interest in the sales" of the tied product).

2

Dated: November 21, 2023                                   Respectfully submitted,

                                                           /s/ *James H. Mutchnik, P.C.*

CRAIG S. PRIMIS*                                           JAMES H. MUTCHNIK, P.C. (ARDC #6201681)
ELYSE DORSEY*                                              KATE GUILFOYLE (ARDC #6309150)
KIRKLAND & ELLIS LLP                                       KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW                               300 N. LaSalle Drive
Washington, DC 20004                                       Chicago, IL 60654
(202) 389-5000                                             (312) 862-2000
craig.primis@kirkland.com                                  jmutchnik@kirkland.com
elyse.dorsey@kirkland.com                                  kate.guilfoyle@kirkland.com

* admitted pro hac vice

*Attorneys for Defendant Southern Glazer's Wine and Spirits, LLC*


Richard S. Krumholz*                                       /s/ *Jeffery Moore Cross*
Preston Glasscock*                                         Jeffery Moore Cross    (ARDC #0547980)
NORTON ROSE FULBRIGHT US LLP                               Dylan Smith            (ARDC #6298703)
2200 Ross Avenue, Suite 3600                               Lillian Grappe Lamphere (ARDC #6340044)
Dallas, Texas 75201-2784                                   SMITH, GAMBRELL & RUSSELL, LLP
Telephone: (214) 855-8000                                  311 South Wacker Drive, Suite 3000
Facsimile: (214) 855-8200                                  Chicago, IL 60606
richard.krumholz@nortonrosefulbright.com                   Tel.: (312) 360-6000
preston.glasscock@nortonrosefulbright.com                  jcross@sgrlaw.com
                                                           llamphere@sgrlaw.com
Robin D. Adelstein*                                        dylansmith@sgrlaw.com
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, New York 10019
Telephone: 212-318-3108
Facsimile: 212-408-5100
robin.adelstein@nortonrosefulbright.com

Eliot F. Turner*
Abraham Chang*
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: 713-651-5151
Facsimile: 713-651-5246
eliot.turner@nortonrosefulbright.com
abraham.chang@nortonrosefulbright.com

*admitted pro hac vice

*Attorneys for Defendant Republic National Distributing Company*

## CERTIFICATE OF SERVICE

I certify that on November 21, 2023, I caused a copy of the foregoing document to be served by the ECF System for the U.S. District Court for the Northern District of Illinois.

/s/ *Jeffery Moore Cross*
Jeffery Moore Cross