# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Tiz, Inc. d/b/a Provi, | ) |
|           Plaintiff, | ) |
| v. | ) Civil Action No. 1:22-cv-01648 |
| | ) Hon. Nancy L. Maldonado |
| Southern Glazer's Wine and Spirits, LLC and Republic National Distributing Company, LLC, | ) |
|           Defendants. | ) |

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN RESPONSE TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

**Provi Has Antitrust Standing—Defendants' Cases Are Inapposite** [1]

Defendants cite *no* case dismissing antitrust claims brought by a *competitor* for lack of standing:

*Associated Gen. Contractors*, 459 U.S. at 539 (affirming dismissal because plaintiff "was neither a consumer nor a competitor in the market in which trade was restrained").

*Marion Diagnostic*, 29 F.4th at 347-48 (no standing because plaintiffs were indirect purchasers).

*Chi. Studio Rental*, 940 F.3d at 978-79 (defendants not competitors in the alleged market).

*Port Dock & Stone Corp.*, 507 F.3d at 123 (plaintiff not a competitor in the market in which the alleged anticompetitive conduct occurred); *Midwest Gas*, 317 F.3d at 711 (same).

Defendants offer no rebuttal to Plaintiff's cited authorities, e.g.:

*Viamedia, Inc. v. Comcast Corp.*, 951 F.3d 429, 482 (7th Cir. 2020) ("The general rule is that customers and competitors in the affected market have antitrust standing.").

*Serfecz v. Jewel Food Stores*, 67 F.3d 591, 599 (7th Cir. 1995) (holding that plaintiffs have standing as "direct participants in [affected] market"; dismissing claims in market where plaintiffs did not compete).

*Sw. Suburban Bd. of Realtors, Inc. v. Beverly Area Plan. Ass'n*, 830 F.2d 1374, 1382 (7th Cir. 1987) (finding antitrust injury where defendants' boycott drove plaintiff from market).

*Yankees Ent. & Sports Network, LLC v. Cablevision Sys. Corp.*, 224 F. Supp. 2d 657, 669-70 (S.D.N.Y. 2002) (finding that alleged exclusion of rival is sufficient to plead antitrust injury).

**Provi Plausibly Alleges a Conspiracy—Defendants' Cases Are Inapposite**

*Twombly*, 550 U.S. at 556-57 (finding no allegations suggesting conduct was against defendants' self-interest and holding that plaintiffs need only allege a *plausible* conspiracy (they need not exclude possible independent explanations as Defendants wrongly argue here)); *see also* Compl. ¶¶ 101-23; Tr. 35:2-10, 54:20-56:5) (establishing plausible conspiracy, including actions against Defendants' independent interests, e.g. forgoing short-term profits and customer goodwill).

*Marion Diagnostic*, 29 F.4th at 351 (plaintiff alleged no coordinated action, sacrifice of short-term profits or customer goodwill, or facts supporting defendants' market power).

*Alarm Detection Sys.*, 930 F.3d at 826-29 (plaintiff alleged no plus factors other than a potential profit motive, which the court rejected).

*In re Musical Instruments*, 798 F.3d at 1189, 1194-98 (alleged plus factors "add[ed] nothing").

*Reapers Hockey*, 412 F. Supp. 3d at 956 (defendants lacked power to commit challenged acts).

*U.S. Bd. of Oral Implantology*, 390 F. Supp. 3d at 903-04 (plaintiffs alleged no acts against self-interest and no facts suggesting the market was "ripe for collusion").

Defendants offer no rebuttal to Plaintiff's cited authorities, e.g.:

*In re Plasma-Derivative Protein Therapies Antitrust Litig.*, 764 F. Supp. 2d 991, 1002 (N.D. Ill.

---

[1] The Court should strike Defendants' supplemental brief as willfully violating Local Rule 5.2(e). They *doubled* the Court-ordered page limit via single-spaced formatting, for which they cited no Court authorization when asked after filing. To fully respond to Defendants' improper filing, Provi is forced to adopt their single-spaced formatting.

1

2011) ("It is not necessary that the factual allegations tend to exclude the alternative explanation offered by defendants.").

*In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 627-29 (7th Cir. 2010) (circumstantial evidence, including "a mixture of parallel behaviors, details of industry structure, and industry practices," is sufficient to state a conspiracy claim).

*Hendershot v. S. Glazer's Wine & Spirits of Okla.*, 2021 WL 3501523, at *9 (N.D. Okla. Aug. 9, 2021) (finding plausible an alleged group boycott between **SGWS and RNDC**, emphasizing their "high inter-firm communications" and "the concentrated market structure").

**Provi Pleads a Refusal-to-Deal Claim—Defendants' Cases Are Inapposite**

*Pac. Bell*, 555 U.S. at 448 (2009) (affirming *Aspen Skiing*; refusal to deal was not in dispute).

*Viamedia*, 951 F.3d at 458-64 (*reversing dismissal* where plaintiff plausibly alleged a claim under *Aspen Skiing* and holding that "balancing anticompetitive effects against hypothesized justifications…is not amenable to resolution on the pleadings").

*Compare Trinko*, 540 U.S. at 408 (complaint did not allege that defendant "voluntarily engaged in a course of dealing with its rivals"), *and Reapers Hockey*, 412 F. Supp. 3d at 956 (same), *with* Compl. ¶¶ 11-12, 254, 267, *and* Dkt. 31 at 18-19 (alleging facts consistent with *Aspen Skiing*).

**Provi Pleads Plausible Markets and Monopoly Power—Defendants' Cases Are Inapposite**

*Sharif Pharmacy*, 950 F.3d at 917 (finding geographic market of "five-block radius around [plaintiff's] location" implausible).

*Chi. Studio Rental*, 940 F.3d at 978-79 (defendants did not compete in relevant market).

*Agnew*, 683 F.3d at 338, 345-347 (finding "bachelor's degree market" facially overbroad because it did not include non-athlete degree seekers, and "nothing resembling a discussion of a relevant market for student-athlete labor can be found in the amended complaint").

*Midwest Gas*, 317 F.3d at 713 ("plaintiffs claim that [defendant] has monopoly control over something in which it is not a market participant").

<u>Defendants offer no rebuttal to Plaintiff's cited authorities, e.g.</u>:

*In re Loc. TV Advert. Antitrust Litig.*, 2020 WL 6557665, at *11 (N.D. Ill. Nov. 6, 2020) ("Courts are generally hesitant to dismiss Sherman Act claims for failure to allege a relevant product [market] '[b]ecause market definition is a deeply fact-intensive inquiry.'").

*Hannah's Boutique, Inc. v. Surdej*, 2013 WL 4553313, at *3 (N.D. Ill. Aug. 28, 2013) (plaintiffs need not "allege a specific market size or percentage market share").

**Provi Plausibly Alleges a Tying Claim—Defendants' Cases Are Inapposite**

*Compare Sheridan*, 530 F.3d at 595 (defendants' share of tying market was only 4.3%—"no one's idea of market power"), *with* Compl. ¶¶ 48-54 (detailing high shares in tying market).

*Compare Carl Sandburg Vill. Condo. Ass'n*, 758 F.2d at 207-08 (defendant had no economic interest in market in which it did not compete), *with* Compl. ¶¶ 7, 99-100, 114, 191; Tr. 64:10-22; Dkt. 24 at 8-9; Dkt. 32 at 13-14 (detailing Defendants' admitted economic interest in tied markets).

2

Dated: November 27, 2023    Respectfully submitted,

/s/ *David D. Cross*

David D. Cross (admitted *pro hac vice*)
Alexander Okuliar (admitted *pro hac vice*)
Mary G. Kaiser (admitted *pro hac vice*)
MORRISON & FOERSTER LLP
2100 L Street, NW
Suite 900
Washington, DC 20006
Telephone: (202) 887-1500
DCross@mofo.com
AOkuliar@mofo.com
MKaiser@mofo.com

Megan Cunniff Church
MOLOLAMKEN LLP
300 N. LaSalle St.
Chicago, IL 60654
Telephone: (312) 450-6716
Fax: (312) 450-6702
mchurch@mololamken.com

*Counsel for Plaintiff Tiz, Inc. d/b/a Provi*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of November, 2023, a true and correct copy of the foregoing **PLAINTIFF'S SUPPLEMENTAL BRIEF IN RESPONSE TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** was electronically filed with the Clerk of the Court using the Court's ECF system and thereby served on all counsel of record.

/s/ *David D. Cross*
David D. Cross
