## NITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Tiz, Inc. d/b/a Provi | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01648 |
| | ) | |
| Southern Glazer's Wine and Spirits, LLC and | ) | Hon. Nancy L. Maldonado |
| Republic National Distributing Company, LLC | ) | |
| | ) | |

### PLAINTIFF'S MOTION FOR STATUS CONFERENCE

Plaintiff Tiz, Inc. d/b/a Provi ("Provi") respectfully moves the Court to schedule a status conference at the Court's earliest convenience.

Nearly two years ago, on March 29, 2022, Provi filed its Complaint alleging serious antitrust violations and other claims against the country's two dominant wine and spirit distributors, Defendants Southern Glazer's Wine and Spirits, LLC ("SGWS") and Republic National Distributing Company, LLC ("RNDC"). Dkt. 1. On June 1, 2022, Defendants moved to dismiss Provi's claims and to stay discovery pending resolution of that Motion. Dkt. 23. Before Provi could oppose the motion to stay, Judge Shah granted it in part but indicated the court may lift the stay upon reviewing the Motion to Dismiss briefing. Dkt. 30. This case was reassigned shortly after briefing on the Motion to Dismiss closed on August 1, 2022. Dkt. 32, 34.

A year after the Complaint was filed, on March 28, 2023, Provi requested a status conference and asked that the Court lift the discovery stay. Dkt. 44. The Court held a video conference on May 16, 2023. Dkt. 49. During the status conference, the Court lifted the discovery stay in part and ordered the parties to exchange initial disclosures by June 23, 2023. Dkt. 49.

Defendants' initial disclosures were highly deficient. SGWS disclosed merely six individuals, including only three SGWS employees and three Provi employees. RNDC's initial

disclosures identified merely 11 individuals, including only five current RNDC employees and one former RNDC employee. Four of the other five individuals that RNDC identified are Provi employees. SGWS boasts more than 20,000 employees and RNDC more than 14,000, including hundreds of representatives at each company who deal with retailers day to day and their many complaints about Defendants' anticompetitive conduct.[1] SGWS is the largest distributor of wine and distilled spirits and the 11th-largest private company in the United States overall. RNDC is the second largest distributor of wine and distilled spirits and the 25th-largest private company in the United States overall.

On August 23, 2023, the Court held an in-person status conference during which Provi explained its concern that Defendants had not disclosed all potential witnesses upon whom they may rely, particularly given the scope of the claims and the size of Defendants' respective companies. Dkt. 53 at 5:25-6:11. The Court agreed with Provi's concerns and ordered the parties to supplement their initial disclosures in good faith by September 22, 2023. Dkt. 52; Dkt. 53 at 14:10-13. The Court warned Defendants that any failure to do so would not be well received by the Court. Dkt. 53 at 14:4-9.

Despite the Court's admonition that the parties take the discovery process "seriously," Dkt. 53 at 14:8-9, SGWS's amended initial disclosures include only seven current SGWS employees and one former SGWS employee from among its more than 20,000 current employees. Notably, SGWS's amended initial disclosures exclude a current employee and two former employees specifically discussed in the Complaint as potential witnesses.[2] RNDC's amended initial

---

[1] https://www.southernglazers.com/careers; https://www.rndc-usa.com/careers/#:~:text=Join%20Our%20Family,and%20the%20District%20of%20Columbia.

[2] Provi identified the following current and former SGWS employees in its Complaint, who are not listed on SGWS's amended initial disclosures: Wayne Chaplin, CEO (ECF No. 1 ¶¶ 56, 80); Terry Brick, former Vice President (*id.* ¶ 128); and Rob Howl, former Vice President of Digital Strategy & e-Commerce (*id.* ¶ 129). Mr. Howl's responsibilities, in particular, bear directly on core issues in the case regarding SGWS's online alcohol marketplace.

disclosures identified merely four additional individuals overall, including only nine current RDNC employees and one former employee from among its more than 14,000 current employees. RNDC's amended initial disclosures omit five current employees and two former employees specifically discussed in the Complaint as potential witnesses.[3]

On November 14, 2023, the Court heard oral arguments on the Motion to Dismiss and indicated its hope to get a decision out on the Motion to Dismiss by the end of 2023. Dkt. 53 at 17:19-22. The Court also granted leave for the parties to file two-page supplement briefs. Dkt. 59. The Court took the supplemental briefs under advisement on November 28, 2023. Dkt. 66. The Court has not set any further dates or issued a ruling on the June 1, 2022 Motion to Dismiss.

Provi is mindful of the Court's docket and that there likely are older pending motions. While the Motion to Dismiss here likely is more recent than other motions the Court also has to decide, the harm at issue in this case to Provi and *the marketplace more broadly* from Defendants' conduct is far-reaching and growing unabated as the case sits idle.[4] Defendants openly boast about the success stemming from their boycott of Provi. For example, RNDC recently reported accelerated online sales through its eRDNC online alcohol marketplace amounting to $800 million in sales in 2023 and a 32% year-over-year growth in the number of monthly active customers using eRDNC.[5] eRDNC's newfound success after years of struggling to compete with Provi stems from

---

[3] Provi identified the following RNDC employees in its Complaint who are not listed on RNDC's amended initial disclosures: John Baker, former Chief Operating Officer for Michigan, Indiana, and Kentucky (Dkt. 1 at ¶ 125); Mark Moser, Executive Vice President for Georgia (*id.*); Kevin Bowles, Sales Finance Manager (*id.* ¶ 126); Blake Moore, Director of Business Relationship Management (*id.* ¶ 144); Erik Velazquez, former Area Manager (*id.* ¶ 135), Tom Cole, President & CEO (*id.* ¶ 147); and Marc Sachs, Vice President of Supplier Business Development (*id.*).
[4] Federal law enforcement authorities, including the Internal Revenue Service and the Alcohol and Tobacco Tax and Trade Bureau, jointly raided SGWS's offices late last year. *See* Esther Mobley*, Federal regulators descend upon nation's largest alcohol wholesaler*, S.F. CHRON. (Oct. 28, 2022), https://www.sfchronicle.com/food/wine/article/southern-glazers-17540157.php.
[5] *RNDC's B2B e-commerce platform reaches $800 million in 2023*, WINE INDUSTRY ADVISOR (Feb. 2, 2024), available at https://wineindustryadvisor.com/2024/02/01/rndcs-b2b-e-commerce-platform-reaches-800-million-in-2023.

Defendants' multiyear, continuing boycott of Provi, which has forced retailers to use eRNDC instead of Provi's far-more-popular online alcohol marketplace—*just as RNDC admitted was the very purpose of its boycott of Provi*. Dkt. 1 at ¶ 269 ("RNDC's refusal to deal with Provi is motivated by a desire to 'steer [its] customers towards [eRNDC, and] away from Provi.'"). SGWS has boasted of even greater success for its Proof marketplace, which also struggled before its boycott of Provi.[6] It is no coincidence that both eRNDC and Proof have suddenly exploded in growth since Defendants began forcing customers to use those marketplaces instead of Provi, despite retailers' repeated complaints and even SGWS's own sales representative decrying how poor Proof is. Dkt. 1 at ¶¶ 13, 14, 116, 117 (SGWS sales representative "characterized Proof as '*amateurish and very difficult to navigate*'" and "'*an abysmal failure of epic proportions*.'")

Provi respectfully requests that the Court schedule a status conference at the Court's earliest convenience. Aside from the very limited discovery allowed by the Court (which Defendants still have not fully complied with), this case has stalled for nearly a year and a half, and the parties cannot move forward until the Court rules on Defendants' Motion to Dismiss or lifts the discovery stay (which the Court could do while drafting its decision on the Motion if it intends to deny the Motion, as Provi contends it should).

---

[6] *Southern Glazer's e-commerce exceeds $3bn*, THE SPIRITS BUSINESS (Jan. 10, 2023), available at https://www.thespiritsbusiness.com/2023/01/southern-glazers-e-commerce-exceeds-us3bn/#:~:text=US%20distributor%20Southern%20Glazer's%20Wine,US%243%20billion%20revenue%20milestone.

Counsel for Provi conferred with counsel for Defendants about requesting a status conference. Defense counsel indicated that they take no position on whether the Court should schedule a status conference, but if the Court decides to do so, they ask that it be held by Zoom. Provi defers to the Court on the best mechanism for holding the requested conference.

Dated: February _7_, 2024

Respectfully submitted,

/s/ *David D. Cross*

David D. Cross (admitted *pro hac vice*)
Mary G. Kaiser (admitted *pro hac vice*)
MORRISON & FOERSTER LLP
2100 L Street, NW
Suite 900
Washington, DC 20006
Telephone: (202) 887-1500
DCross@mofo.com
AOkuliar@mofo.com
MKaiser@mofo.com

Megan Cunniff Church
MOLOLAMKEN LLP
300 N. LaSalle St.
Chicago, IL 60654
Telephone: (312) 450-6716
Fax: (312) 450-6702
mchurch@mololamken.com

*Counsel for Plaintiff Tiz, Inc. d/b/a Provi*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of February 2024, a true and correct copy of the foregoing **PLAINTIFF'S MOTION FOR STATUS CONFERENCE** was electronically filed with the Clerk of the Court using the Court's ECF system and thereby served on all counsel of record.

/s/ *David D. Cross*
David D. Cross
